Izaak D. Schwaiger, SBN 267888
**SCHWAIGER LAW FIRM**
130 Petaluma Avenue, Suite 1A
Sebastopol, CA 95472
Tel. (707) 595-4414
Facsimile: (707) 581-1983
E-mail: izaak@izaakschwaiger.com

John H. Scott, SBN 72578
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, California 94109
Telephone: (415) 561-9601
Facsimile: (415) 561-9609
john@scottlawfirm.net

Attorneys for the Plaintiff CHRISTOPHER RASKU

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER RASKU, <br><br> PLAINTIFF, <br><br> v. <br><br> CITY OF UKIAH, KEVIN MURRAY, and DOES 1-25, inclusive. <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR DAMAGES <br><br> [UNDER 42 U.S.C. §§ 1983] <br><br> *JURY TRIAL DEMAND* |

COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF, Christopher Rasku who complains of defendants, and each of them, and alleges as follows:

### JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2. The claims alleged herein arose in the County of Mendocino in the State of California. Venue for this action lies in the United States District Court for the Northern District of California under 28 U.S.C. §1391(b)(2).

### PARTIES

3. Plaintiff Christopher Rasku (hereinafter "Rasku" or "Plaintiff") is a resident of Mendocino County, California.

4. Defendant City of Ukiah is a public entity situated in the State of California and organized under the laws of the State of California.

5. At all relevant times, Defendant Kevin Murray was a police officer and employee of the City of Ukiah.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 25 inclusive, are unknown to the Plaintiff, who therefore sues said defendants by such fictitious names. Defendants DOES 1 through 25, and each of them, were responsible in some manner for the injuries and damages alleged herein. Plaintiff is informed and believes and thereupon alleges upon information and belief that each of them is responsible, in some manner, for the injuries and damages alleged herein.

7. In doing the acts and/or omissions alleged herein, the individual defendants, including DOES 1 through 25, acted in concert with each of said other defendants herein.

8. At all times during the incident, Officer Murray acted under color of state law in the course and scope of his duties as an agent and employee of the City of Ukiah.

9. The conduct of Defendant Murray was authorized, condoned and ratified by Chief Chris Dewey and the City of Ukiah.

## STATEMENT OF FACTS

10. Christopher Rasku is a disabled veteran, honorably discharged from the United States Navy after nine years of service. Mr. Rasku served during the first Gulf War, and is disabled due to a back injury he suffered while in service to his country. He is a single father, and resides with his son in Ukiah, California. At the time of these events he was forty-six years old.

11. Mr. Rasku lives in an apartment complex on North Orchard Avenue in the City of Ukiah. At about 7:00 p.m. on October 13, 2018, Mr. Rasku left a note on his neighbor Joni Wellington's door concerning her dog, who had been barking all day while Ms. Wellington was away. At about 10:30 p.m., Ms. Wellington returned home drunk and found the note. Mistakenly believing it had been left by a different neighbor, Ms. Wellington confronted a different resident and began yelling loudly about the note. Mr. Rasku overheard the commotion outside and came out to break up the argument, explaining that he was the one who had left the note.

12. About that time, a different neighbor emerged from her apartment and announced that the police had been called and were now on their way. Mr. Rasku returned to his apartment and was standing inside the doorway behind the partially closed door when Officer Murray arrived.

13. Mr. Rasku recognized Officer Murray from a previous encounter at the apartment complex when the officer had accused Mr. Rasku of egging someone's car. (The officer had entered Mr. Rasku's apartment, searched his refrigerator, and claimed that Mr. Rasku's eggs "matched" the eggs found at the scene. Incredulous, Mr. Rasku had called the officer a punk and demanded he leave his home. Since that time Officer Murray has had it out for Mr. Rasku.

14. Immediately upon arrival, Officer Murray saw Mr. Rasku and demanded that he take a seat on the ground outside his apartment. Mr. Rasku refused, and stated that he would stand where he was. In response, and without exigency or other legal justification, Officer Murray charged at the door, throwing his shoulder into it. The door flew open into Mr. Rasku's face and head, knocking him unconscious and to the ground. Officer Murray entered Mr. Rasku's home and began punching and kneeing and kicking him where he lay on the ground. Mr. Rasku awoke with his left arm cuffed and Officer Murray kneeing him in the ribs. Mr. Rasku's right arm was

under his body and he could not move. Officer Murray repeatedly punched Mr. Rasku in the face and delivered numerous further knee strikes to his lower ribs.

15. Officer Murray was wearing a body-worn camera during the encounter, but in violation of department policy, did not activate it at any time during these events.

16. Backup officers arrived minutes later. The officers finished cuffing Mr. Rasku behind his back and then picked him up from the ground by the chain of the handcuffs, raising Mr. Rasku's arms high above his back and causing him great pain. The overtightened handcuffs cut into the flesh of Mr. Rasku's wrists. The officers carried Mr. Rasku out of his apartment without his shoes on, down the apartment stairs to a patrol vehicle, stuffed him in the back seat and then Officer Murray shut the vehicle's door on Mr. Rasku's foot. Officer Murray laughed at Plaintiff, told him he was going to jail, and that he was going to lose his housing.

17. Mr. Rasku spent the night at Ukiah Valley Hospital and was then transported to Santa Rosa Memorial Hospital where he stayed for four days. As a result of the acts of these defendants, eight of Mr. Rasku's ribs were broken, four of them in multiple places. One of Mr. Rasku's lungs was punctured and would later partially collapse. Plaintiff further suffered nerve damage to his wrists, a chest wall contusion, abrasions around his neck, and facial injuries which caused his eye to swell shut. As a result of the injury to his lungs, Mr. Rasku developed pneumonia.

18. Following these events, Officer Murray authored a false police report which included wildly misleading and perjurious statements concerning the encounter, including accusations that Mr. Rasku had slammed his apartment door on the officer's arm and attempted to punch him. Unknown to the officer at the time he authored his report, a young boy in an adjacent apartment to Mr. Rasku's had recorded the officers' entry in Plaintiff's home. The video clearly depicts the initial confrontation, and directly contradicts Officer Murray's false accusations.

19. A criminal complaint was filed in Mendocino County Superior Court charging Mr. Rasku with felony resisting arrest. After Officer Murray similarly perjured himself during the preliminary hearing, Mr. Rasku was offered a diversion.

### STATEMENT OF DAMAGES

20. As a result of the acts and/or omissions alleged herein, Plaintiff suffered general damages including pain, fear, anxiety, and humiliation in an amount according to proof.

21. Plaintiff sustained serious physical injuries and has also incurred and may continue to incur medical treatment and related expenses in amounts to be determined according to proof.

22. As a result of the acts and/or omissions alleged herein, Plaintiff suffered lost earnings and lost earning capacity in an amount to be determined by proof.

23. The acts and omissions of Officer Murray were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiff. Plaintiff therefore prays for an award of punitive and exemplary damages against this defendant in an amount according to proof.

24. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorneys' fees and costs.

### CAUSES OF ACTION
### FIRST CAUSE OF ACTION
[42 U.S.C. §1983 – FOURTH AMENDMENT – UNLAWFUL ENTRY – AGAINST OFFICER MURRAY]

25. Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

26. Officer Murray violated Plaintiff's clearly established right to be free from unlawful entry into his home as guaranteed by the Fourth Amendment to the United States Constitution.

27. An objectively reasonable officer would have known that the entry into Mr. Rasku's home was unlawful.

28. Defendant Murray acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to the Plaintiff's rights.

29. This defendant's misconduct was the moving force that caused Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SCHWAIGER LAW FIRM
130 PETALUMA AVENUE, SUITE 1A
SEBASTOPOL, CA 95472

## SECOND CAUSE OF ACTION
[42 U.S.C. §1983 – FOURTH AMENDMENT – EXCESSIVE FORCE – AGAINST OFFICER MURRAY]

30. Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

31. Officer Murray violated the Plaintiff's clearly established right to be free from the intentional and unreasonable use of excessive force as guaranteed by the Fourth Amendment to the United States Constitution.

32. An objectively reasonable officer would have known that the use of force upon the Plaintiff was excessive and could cause serious injury.

33. These defendants acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to the Plaintiff's rights.

34. The individual defendants' misconduct was the moving force that caused Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
[42 U.S.C. §1983 – RATIFICATION AGAINST THE CITY OF UKIAH]

35. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

36. The acts or omissions alleged herein regarding the unlawful entry and use of excessive force were ratified by Chris Dewey, Chief of the Ukiah Police Department. Chief Dewey had final policymaking authority for the City of Ukiah concerning the acts of the Officer Murray. Plaintiff alleges on information and belief that Chief Dewey knew of and specifically approved of Defendant Murray's unlawful entry and use of force, and the reasons for those unlawful acts.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1. For compensatory and economic damages according to proof;
2. For general damages according to proof;
3. For an award of exemplary or punitive damages against the individual defendants;
4. For an award of attorneys' fees and costs as permitted by law; and
5. For such other and further relief as the Court may deem necessary and appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: February 18, 2020                          SCHWAIGER LAW FIRM

By: _____
Izaak D. Schwaiger
Attorney for Plaintiff