Izaak D. Schwaiger, SBN 267888
**SCHWAIGER LAW FIRM**
130 Petaluma Avenue, Suite 1A
Sebastopol, CA 95472
Tel. (707) 595-4414
Facsimile: (707) 581-1983
E-mail: izaak@izaakschwaiger.com

John H. Scott, SBN 72578
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, California 94109
Telephone: (415) 561-9601
Facsimile:  (415) 561-9609
john@scottlawfirm.net

Attorneys for the Plaintiff CHRISTOPHER RASKU

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RASKU,<br><br>PLAINTIFF,<br><br>v.<br><br>CITY OF UKIAH, KEVIN MURRAY, and DOES 1-25, inclusive.<br><br>Defendants. | Case No. 3:20-cv-01286-LB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT**<br><br>**FRCP RULES 12(b)(6 and 12 (c)**<br><br>Date:  May 14, 2020<br>Time:  9:30 a.m.<br>Courtroom: B, 15th Floor, 450 Golden Gate Avenue, San Francisco<br>Judge:  The Hon. Magistrate Laurel Beeler |

## INTRODUCTION

Defendants have brought this Motion to Dismiss and Motion for More Definite Statement based on two arguments: 1) Plaintiff's allegations are so vague and ambiguous that Defendants are simply unable to prepare a meaningful response, and 2) the Complaint fails to allege facts sufficient to state claims upon which relief can be granted. Both arguments fail.

## ARGUMENT

### A. DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT SHOULD BE DENIED

Defendants argue that Plaintiff's Complaint is so deficient that Defendants cannot determine the sufficiency of Plaintiff's claims.[1] They base this argument on the fact that the complaint is silent as to the ultimate outcome of the criminal case. Defendants go so far as to suggest that Plaintiff has been "purposely vague" so as to confuse the court. (Motion to Dismiss, 3.) This argument would be more effective if Defendants had presented any evidence or argument themselves to suggest that Plaintiff *had* suffered a criminal conviction, but they have not. Instead they cite at length from *Heck,* but ultimately offer nothing but hypothetical bases for why preclusion might be applicable here.

F.R.C.P. 12(e) provides that a party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion should be considered in light of the liberal pleading standards of Rule 8(a). *See Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996) (*citing Sagan v. Apple Computer, Inc*., 874 F.Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).

---

[1] It appears that Defendants' Motion to Dismiss is as to Plaintiff's *Monell* claim alone, and not as to the claims against Officer Murray. Though Defendants' motion states that the complaint "fails to allege facts sufficient to state **each** of the claims upon which relief can be granted against **Defendants**" (Defendants' Motion, 1), their motion lacks any argument at all as to why the claims against Officer Murray should be dismissed. Should the Court interpret Defendants' motion as applicable to *all* claims, Plaintiff responds that the claims alleged against Defendant Murray are factually detailed and more than adequate under the pleading standards of Rule 8.

- 1 -

A Rule 12(e) motion should be granted only when the complaint is so vague that the defendant cannot discern the nature of the plaintiff's claims and thus cannot frame a response. *Famolare, Inc. v. Edison Bros. Stores, Inc*., 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Boxall v. Sequoia Union High Sch. Dist*., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979). If the complaint notifies the defendant of the substance of the plaintiff's claim, a 12(e) motion should not be granted. *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her."). A 12(e) motion should also be denied if the detail sought is obtainable through discovery. *Davison v. Santa Barbara High Sch. Dist*., 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998).

Whether a plaintiff has been arrested or charged with a criminal offense is immaterial to the validity of his 1983 claim. The proper question is whether a *conviction* suffered by the plaintiff would amount to a bar under *Heck*. But that is a question for another time. While the *Heck* doctrine may put the burden on a plaintiff to prove that a conviction or sentence has been reversed or expunged *if such a conviction occurred*, Plaintiff is unaware of, and defendant fails to cite, any authority for the position that a plaintiff must plead or prove that he was *not* convicted of a precluding offense in order to proceed with discovery. Plaintiff is aware, however, that many excessive force cases that *do* involve the plaintiff suffering a criminal conviction for resisting proceed beyond summary judgment despite the barriers imposed by *Heck*. *See e.g., Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005)(en banc); *Hooper v. County of San Diego*, 629 F.3d 689 (9th Cir. 2011); and *Kyles v. Baker*, 72 F.Supp.3d 1021 (N.D. Cal. 2014).

The facts as pled in the Complaint are in no way unintelligible, and are more than sufficient to withstand Defendants' motion.

B. **PLAINTIFF HAS ADEQUATELY ALLEGED A *MONELL* RATIFICATION CLAIM.**

Unlike other *Monell* claims which involve acts or omissions by policy makers or final decision makers that were the moving force behind a constitutional violation, ratification is based

- 2 -

on affirmative conduct after the constitutional violation occurred. Simply stated, the final decision maker for the City must know of and specifically approve of the violation(s), and the reasons for it.

The Model Jury Instruction for the Ninth Circuit provides the best analysis of the *Monell* ratification claim. Model Instruction 9.7 sets forth the essential elements of the claim. As related to this case, the jury instruction would read as follows:

1. Officer Kevin Murray acted under color of law;
2. The acts of Kevin Murray deprived the plaintiff, Christopher Rasku, of his rights under the Fourth Amendment as explained in later instructions;
3. Police Chief Chris Dewey acted under color of state law;
4. Chief Dewey had final policy making authority from the City of Ukiah concerning the acts of Kevin Murray; and
5. Chief Dewey ratified the acts of Kevin Murray, that is, Chief Dewey knew of and specifically made a deliberate choice to approve of Kevin Murray's acts and the basis for them.

The use note (comment) portion of the model instruction identifies the key Ninth Circuit cases that apply since the Supreme Court recognized ratification as a potential *Monell* claim. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Notably, it is the trial court that must determine as a matter of state law whether certain employees or officials have the power to make official or final policy on a particular issue or subject matter. *Jett v Dallas Indep. School Dist.*, 491 U.S. 701, 737-38 (1989); see also, *Lytle v Carl*, 382 F.3d 978, 987-88 (9th Cir. 2004).

The plaintiff has adequately alleged a *Monell* ratification claim setting forth the necessary elements of the claim. Defendants' motion asks this court to ignore the teachings of Rule 8 and the notice pleading standards that apply to most claims – notable exceptions being claims of conspiracy or fraud. Here, the complaint provides sufficient factual allegations to put the defendants on notice of the claims against them.

The defendants contend at page 7 of their brief; "No facts are pled showing that Chief Dewey or any of the City's authorized policy makers knew of unconstitutional conduct by any officer, before the alleged violations were completed, and approved of it. Bald, factually unsupported conclusions that Chief Dewey had final policymaking authority and 'knew of and specifically approved' of Officer Murry's alleged unlawful entry and use of force patently are insufficient. Mere recitation of elements of municipal ratification does not suffice to state a claim and the *Monell* ratification claim against the City should be dismissed. (*Iqbal*, 556 U.S. at 678-679.)"

The defendants' application of *Ashcroft v Iqbal*, 556 U.S. 662 (2009) is in error. In *Iqbal, supra*, a pretrial detainee brought a *Bivens* action against government officials alleging they took a series of unconstitutional actions against him in connection with his confinement. The defendants brought an interlocutory appeal from the denial of qualified immunity raised in a motion to dismiss. The plaintiff did not and could not raise a *Monell* claim.

The Supreme Court focused its attention on Rule 8 in light of its recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) – the "plausibility" test as distinguished from the notice requirement previously applied to Rule 8 (a short and plain statement of the claim showing that the pleader is entitled to relief). In applying the plausibility test to the complaint in *Iqbal* the court held; "Under *Twombly's* construction of Rule 8, we conclude that the respondent's complaint has not nudged his claims of invidious discrimination across the line from conceivable to plausible." The court went on to identify allegations in the complaint that were not entitled to the assumption of truth. *Iqbal, supra*, at 680-683.

In order for *Iqbal* to apply to the pending motion, the defendants need do more than simply contend the allegations are conclusory. Rather, the issue is correctly whether the allegations are "plausible." The defendants do not claim, nor could they with a straight face, that the allegations regarding ratification are not plausible. This is an unlawful entry and excessive force case that alleges the plaintiff was transported to a hospital following the use of force and

sustained broken ribs, a punctured lung and injuries to his wrists, neck and face. The defendants do not contend this is not plausible.

The City also does not contend the allegation Chief of Police Dewey had policymaking authority from the City of Ukiah regarding the acts of Officer Murray is not plausible. Rather, the City contends the allegation is conclusory. Importantly, the allegation is both conclusory *and* plausible. As this court is aware, the allegation that the chief of police has final policymaking authority is consistent with the policies and practices of many local law enforcement agencies and police departments.

The same reasoning applies to the allegation that Chief Dewey knew of and specifically approved of Defendant Murray's unlawful entry and use of force, and the reasons for those unlawful acts. Defendants do not argue this is not plausible, only that it is a conclusory statement.

Because the allegations of *Monell* ratification are plausible, this court should apply Rule 8 as it has traditionally been applied, and accept conclusions that are entitled to the assumption of truth. *Iqbal*, supra, at 680; *Twombly*, *supra*, at 555.

Accordingly, the plaintiff has adequately alleged a *Monell* ratification claim; albeit with conclusory allegations consistent with Rule 8 and the plausibility test announced in *Twombly/Iqbal*. The plaintiff should be permitted to proceed with discovery on his *Monell* claim so that this issue can be properly evaluated on a motion for summary judgement. Notably, the discovery relating to the ratification claim will not be unduly burdensome or time consuming.

## CONCLUSION

For the foregoing reasons the defendants' Motion to Dismiss the plaintiff's Complaint and/or Motion for a More Definite Statement should be denied in its entirety, or, plaintiff should be granted leave to amend.

Dated: April 6, 2020

By: /s/John H. Scott
John H. Scott
Attorneys for Plaintiff