Richard W. Osman, State Bar No. 167993
Sheila D. Crawford, State Bar No. 278292
Henry B. Bernstein, State Bar No. 313730
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
Email:      rosman@bfesf.com
            scrawford@bfesf.com
            hbernstein@bfesf.com

Attorneys for Defendant
KEVIN MURRAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RASKU<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF UKIAH and KEVIN MURRAY<br><br>　　Defendants. | Case No. 3:20-cv-01286-LB<br><br>**DEFENDANT KEVIN MURRAY'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant KEVIN MURRAY hereby demands a jury trial in the above-captioned matter and answers plaintiff CHRISTOPHER RASKU's complaint filed on February 20, 2020 as follows:

**ANSWER TO ALLEGATIONS ENTITLED "JURISDICTION AND VENUE"**

1.　Answering paragraphs 1 and 2, this answering defendant does not dispute jurisdiction, and further admits the incidents, events, and occurrences giving rise to this action occurred in the City of Ukiah, County of Mendocino, California. This answering defendant denies that any actions or omissions by defendant give rise to liability.

**ANSWER TO ALLEGATIONS ENTITLED "PARTIES"**

2.　Answering paragraph 3, this answering defendant admits that plaintiff is a resident of

Mendocino County, California.

3. Answering paragraph 4, this paragraph contains allegations that relate to plaintiff's *Monell* claim which was dismissed by this Court, and thus do not call for an admission or denial at this time.

4. Answering paragraph 5, this answering defendant admits that at all relevant times, Defendant KEVIN MURRAY was a police officer and employee of the City of Ukiah.

5. Answering paragraph 6 through 7, these paragraphs contains legal conclusions that do not call for an admission or denial. To the extent any allegations in these paragraphs can be construed as calling for an admission or denial, this answering defendant denies each and every such allegation within these paragraphs.

6. Answering paragraph 8, answering defendant admits the allegations contained within this paragraph.

7. Answering paragraph 9, this paragraph contains allegations that relate to plaintiff's *Monell* claim which was dismissed by this Court, and thus does not call for an admission or denial.

**ANSWER TO ALLEGATIONS ENTITLED "STATEMENT OF FACTS"**

8. Answering paragraph 10, this answering defendant admits that plaintiff is forty-six years old and resides in Ukiah, California. Answering defendant lacks sufficient information to enable him to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation within this paragraph.

9. Answering paragraph 11, this answering defendant admits that plaintiff lives in an apartment complex on North Orchard Avenue in the City of Ukiah. Answering defendant further admits that the events giving rise to this complaint occurred on October 13, 2018. Answering defendant lacks sufficient information to enable him to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation within this paragraph.

10. Answering paragraph 12, this answering defendant admits that plaintiff was standing in his doorway when Officer MURRAY arrived. Answering defendant denies that plaintiff was standing behind his door. Answering defendant lacks sufficient information to enable him to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation within this paragraph.

11. Answering paragraph 13, this answering defendant lacks sufficient information to enable him to admit or deny the allegations contained in this paragraph, and on that basis denies each and every allegation within this paragraph.

12. Answering paragraph 14, this answering defendant admits that Officer MURRAY ordered plaintiff to take a seat on the ground outside his apartment. Answering defendant further admits that plaintiff refused to comply with Officer MURRAY's order. Answering defendant further admits that Officer MURRAY placed plaintiff's left hand in handcuffs. Answering defendant further admits that Officer MURRAY delivered closed-fist strikes to plaintiff. Answering defendant further admits that Officer MURRAY delivered knee strikes to plaintiff's rib cage. Answering defendant denies that plaintiff stated that he would stand where he was. Answering defendant further denies that Officer MURRAY acted without exigency or legal justification. Answering defendant further denies that Officer MURRAY charged at plaintiff's door. Answering defendant further denies that Officer MURRAY threw his shoulder into plaintiff's door. Answering defendant further denies that plaintiff was knocked unconscious. Answering defendant lacks sufficient information to enable him to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation within this paragraph.

13. Answering paragraph 15, this answering defendant admits that Officer MURRAY was wearing a body-worn camera during the encounter. Answering Defendant denies that Officer MURRAY did not have the body-worn camera activated during the encounter.

14. Answering paragraph 16, this answering defendant admits that officers arrived and assisted in placing plaintiff in handcuffs. Answering defendant further admits that officers carried plaintiff outside his apartment and placed him into the backseat of a patrol vehicle. Answering defendant denies that officers "picked [plaintiff] up from the ground by the chain of the handcuffs …" Answering defendant lacks sufficient information to enable him to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation within this paragraph.

15. Answering paragraph 17, this answering defendant lacks sufficient information to enable him to admit or deny the allegations contained in this paragraph, and on that basis denies each and every allegation within this paragraph.

16. Answering paragraph 18, this answering defendant admits that Officer MURRAY authored a police report stating that plaintiff had slammed his apartment door on Officer MURRAY's arm and attempted to punch Officer MURRAY. Answering defendant further admits that the encounter was recorded by plaintiff's neighbor. Answering defendant denies the remaining allegations contained within this paragraph.

17. Answering paragraph 19, this answering defendant admits that a criminal complaint charging plaintiff with felony resisting arrest was filed in Mendocino County Superior Court. Answering defendant further admits that plaintiff was offered pre-trial diversion. Answering defendant denies that Officer MURRAY perjured himself at plaintiff's preliminary hearing.

**ANSWER TO ALLEGATIONS ENTITLED "STATEMENT OF DAMAGES"**

18. Answering paragraph 20 through 22, this answering defendant denies that any acts or omissions by him give rise to liability. This answering defendant lacks sufficient information to enable him to admit or deny the remaining allegations contained in these paragraphs, and on that basis denies each and every remaining allegation within these paragraphs.

19. Answering paragraph 23, this answering defendant denies that any acts or omissions of this answering defendant give rise to liability and further denies the acts and omissions of Officer MURRAY were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of plaintiff. The remainder of the paragraph contains legal conclusions that do not call for an admission or denial. To the extent any remaining allegations in this paragraph can be construed as calling for an admission or denial, this answering defendant denies each and every such allegation within this paragraph.

20. Answering paragraph 24, this answer defendant admits plaintiff retained counsel to represent him in this matter. This answering defendant denies the remaining allegations contained within this paragraph.

**ANSWER TO ALLEGATIONS ENTITLED "FIRST CAUSE OF ACTION"**

21. Answering paragraph 25, this paragraph does not contain allegations that call for an admission or denial.

22. Answering paragraphs 26 through 29, this answering defendant denies all allegations

4

contained within these paragraphs.

## ANSWER TO ALLEGATIONS ENTITLED "SECOND CAUSE OF ACTION"

23. Answering paragraph 30, this paragraph does not contain allegations that call for an admission or denial.

24. Answering paragraphs 31 through 34, this answering defendant denies all allegations contained within these paragraphs.

## ANSWER TO ALLEGATIONS ENTITLED "THIRD CAUSE OF ACTION"

25. Answering paragraphs 35 and 36, these paragraphs contain allegations that relate to plaintiff's *Monell* claim which was dismissed by this Court, and thus do not call for an admission or denial.

## ANSWER TO ALLEGATIONS ENTITLED "PRAYER FOR RELIEF"

26. Answering the paragraphs entitled "Prayer for Relief," these paragraphs detail plaintiff's requested relief and do not contain allegations that call for an admission or denial.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state facts sufficient to constitute a cause of action against answering defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver, and by all applicable federal and state statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

Answering defendant at all times referred to in plaintiff's complaint acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities.

## FOURTH AFFIRMATIVE DEFENSE

Answering defendant is immune from liability under the federal doctrine of qualified good faith immunity as set forth in *Malley v. Briggs*, 475 U.S. 335 (1986), *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *Anderson v. Creighton*, 107 S.Ct. 3034 (1987) and other applicable statutory and judicial authorities.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently allege a cause of action on any federal claim for relief. Plaintiff has been denied no federally protected civil right without due process of law, since due process exists in the form of adequate remedies at law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim for any constitutional violation under 42 U.S.C. Section 1983 against this answering defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Answering defendant's alleged acts were reasonable under the doctrine set forth in *Graham v. Connor*, 108 S.Ct. 1865 (1989) and all other applicable federal and state judicial authorities.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily assumed the risk of injuries and damages arising out of the subject incident and said assumption of risk acts as a complete bar to any recovery in this matter.

## NINTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, answering defendant alleges that plaintiff posed a direct threat to the health and safety of others and/or himself.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's detention and/or arrest were proper in that the detention and/or arrest was supported by sufficient probable cause.

//
//
//
//
//
//
//
//
//

## **PRAYER FOR RELIEF**

WHEREFORE defendant KEVIN MURRAY prays that:

1. Plaintiff take nothing by reason of his complaint;

2. Defendant be awarded its costs of suit incurred herein and its attorneys' fees pursuant to 42 U.S.C. Section 1988 and all other applicable federal and state statutes and judicial authorities; and, defendant be granted such further relief as the Court deems proper.

Dated: May 29, 2020　　　　　　　　　　　　　BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By: _____
Richard W. Osman
Sheila Crawford
Henery Bernstein
Attorneys for Defendant
KEVIN MURRAY